## CLEMONS v. ROUSE.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

NEW TRIAL—DENIAL.
    Where there is evidence to support the verdict, and exceptions taken
are without merit, a new trial is properly denied.

Appeal from circuit court, New York county.

Action by William Francis Clemons against Callman Rouse to recover chattels. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Prior to July 24, 1893, the plaintiff was the owner and had possession of the chattels. Between that day and August 29, 1893, plaintiff sold and delivered the chattels to the firm of Shapero & Kautrowitz, upon credit. August 31, 1893, that firm sold and delivered the chattels to defendant. September·1, 1893, plaintiff demanded possession of the chattels from the firm and from the defendant. Possession was refused. Thereupon, on the same day, this action was commenced. The sheriff took the chattels under the requisition, excepting a small amount which he could not find. The defendant requested a return of the property to him, and gave the proper security, and the property was surrendered to him. The plaintiff claimed the property was worth $600.27. Both parties claimed to be the owners and entitled to the possession of the property. On the trial the plaintiff gave evidence tending to show that the firm was guilty of fraud in the purchase of the property from him, and secured possession of the property by means of such fraud. The defendant gave evidence upon the subject of his having been a bona fide purchaser of the chattels from the firm. The case was submitted to the jury, and a verdict was rendered in favor of plaintiff, awarding the chattels to him; fixing the value of the property at $600.27, and damages for detention at 6 cents. The usual motion for a new trial was made and denied. There was a motion at the close of the plaintiff's evidence to dismiss the complaint for want of sufficient evidence to warrant a verdict for plaintiff, which motion was denied, but no exception was taken to such ruling. There was no motion made at the close of all the evidence, and no objection made to the submission of the case to the jury, and there were no exceptions to the admission or rejection of evidence worthy of notice.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Max Cohen, for appellant.
Arthur Furber, for respondent.

WILLIAMS, J. Upon the record as presented, there are few questions for us to examine. The charge is not before us, and we do not know upon what particular theory the case was submitted to the jury. There was evidence upon which the jury might find the purchase of the property by the firm from the plaintiff was fraudulent, and that the plaintiff might therefore rescind the sale, and follow the property, and recover it from the defendant, unless he was a bona fide purchaser thereof from the firm. Barnard v. Campbell, 58 N. Y. 73. There was evidence upon which the jury might find that the defendant was not such bona fide purchaser. We may assume that these questions of fact were properly submitted to the jury. The defendant raised no objection to such submission, and took no exception to the charge of the court with reference thereto.

The two exceptions taken to the exclusion of the evidence offered by the defendant and objected to by plaintiff are without merit They do not raise the question suggested by counsel in his points,— that he was precluded from giving evidence tending to show that the property in suit was not the same property the plaintiff had sold and delivered to the firm. The motion for a new trial was properly denied. There was evidence sufficient to sustain the verdict, and the exceptions taken were without merit.

The judgment and order should be affirmed, with costs. All concur.